IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MICHELLE THOMAS                                                                    PLAINTIFF

V.                                         NO. 11-2183

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration                    DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Michelle Thomas, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her applications for DIB and SSI on August 21, 2009, alleging an inability to work since October 22, 2007, due to "Carpal tunnel, nerve damage in right arm, depression, bad disks in back, Bi-polar, migraines." [1] (Tr. 152, 157). An administrative hearing was held on October 5, 2010, at which Plaintiff appeared with counsel, and Plaintiff and her mother testified. (Tr. 30-57).

---

[1] Plaintiff alleged disability beginning March 15, 2009 in the present application. The ALJ noted that through her attorney, Plaintiff requested that her prior applications for Title II and Title XVI benefits filed on November 5, 2007, alleging an onset date of October 22, 2007, be reopened and her onset date of disability be amended to October 22, 2007. (Tr. 12).

By written decision dated January 4, 2011, the ALJ found Plaintiff had the following severe impairments: herniated nucleus pulposus/cervical spine, carpal tunnel syndrome, migraines, and mood disorder. (Tr. 15). However, after reviewing all of the evidence presented, he determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 15). The ALJ found that Plaintiff had the residual functional capacity (RFC) to:

> occasionally lift/carry ten pounds, frequently lift/carry less than ten pounds, sit for six hours during an eight-hour workday, stand/walk for two hours during an eight-hour workday, and occasionally climb, balance, crawl, kneel, stoop, and crouch. She can occasionally do rapid repetitive flexion/extension of the wrists, and she must avoid hazards, including unprotected heights and moving machinery. She can do work where interpersonal contact is incidental to the work performed; complexity of tasks is learned and performed by rote, with few variables and little judgment required; and supervision required is simple, direct, and concrete.

(Tr. 16). With the help of a vocational expert (VE), the ALJ determined that Plaintiff would be unable to perform any past relevant work, but would be able to perform other jobs, such as small product inspector; escort vehicle driver; and surveillance system monitor. (Tr. 22).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on August 11, 2011. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 7, 8).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by

substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial

gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

**III. Discussion:**

Plaintiff raises the following arguments on appeal: 1) The ALJ erred in failing to fully and fairly develop the record; and 2) The ALJ erred in rejecting the opinion of Dr. D. H. Pennington. (Doc. 7).

**A. Failure to Fully and Fairly Develop the Record:**

The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995); Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000). This is particularly true when Plaintiff is not represented by counsel. Payton v. Shalala, 25 FG.3d 684, 686 (8th Cir. 1994). This can be done by re-contacting medical sources and by ordering additional consultative examinations, if necessary. See 20 C.F.R. § 404.1512. The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press her case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010). However, the ALJ is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. See Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995)("reversal due to failure to develop the record

is only warranted where such failure is unfair or prejudicial"). "The regulations do not require the Secretary or the ALJ to order a consultative evaluation of every alleged impairment. They simply grant the ALJ the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination." Matthew v. Bowen, 879 F. 2d 423, 424 (8th Cir. 1989).

The Plaintiff argues that the ALJ did not give a reason for his physical RFC assessment, and that he failed to order a consultative examination where more information was needed to properly evaluate Plaintiff's limitations that would adversely affect her ability to engage in substantial gainful activity.

The Court believes the existing medical sources in the present case contained sufficient evidence for the ALJ to make a determination. As noted by Defendant, the Agency ordered three mental consultative examinations by Steve A. Shry, Ph.D. (January 7, 2008, January 22, 2008, and November 23, 2009), as well as a "Treating Physician's Report for Migraine Headaches." (Tr. 246-254, 266, 488-490). There were also numerous medical records before the ALJ relating to Plaintiff's headaches, depression, bipolar disorder, lower back and neck pain, and right arm and hand pain, including records from treating physicians as well as non-examining physicians, x-rays and CT scans; and records of surgeries Plaintiff underwent: hysterectomy in September of 2008, right carpal tunnel release in December of 2008; and C5-6 anterior cervical discectomy and fusion in October of 2009. (Tr. 256-257, 280-281, 329, 444-445, 456, 559, 701). The ALJ also had before him the counseling records of Counseling Associates, Inc., the Physical RFC Assessment, completed by non-examining consultant Dr. Charles Friedman, and the Mental RFC Assessment, completed by non-examining consultant Dr. Jerry R. Henderson. (Tr. 495-497, 513-

520).

Limitations placed on Plaintiff's activities by physicians included: Dr. Friedman's assessment that Plaintiff was limited to occasional reaching overhead (Tr. 516); Dr. Pennington's assessment that Plaintiff would not be able to maintain attention and concentration for extended periods, complete a normal workday and workweek without interruptions from psychologically based symptoms, or behave in an emotionally stable manner (Tr. 631); and the opinion of the physician who completed the Treating Physician's Report for Migraine Headaches, who opined on January 12, 2009, that Plaintiff was "unable to work while she has headache." (Tr. 266).

The Court notes that although Plaintiff reported physical impairments in her ability to perform household chores, she testified at the hearing that she cared for her two children, ages nine and six, and made herself do the household chores, stating "It is more of a mental reason that I have to make myself do the chores." (Tr. 48). In addition, in Dr. Friedman's Physical RFC Assessment, he found Plaintiff would be capable of performing light work, with only occasional reaching overhead. Although the ALJ failed to include the occasional overhead reaching in his RFC, and two of the three positions - small product assembly and escort vehicle driver - require reaching, reaching is not required in the surveillance system monitor position. Therefore, any error in the ALJ's omission is harmless. See Van Vickle v. Astrue, 539 F.3d 825, 830-31 (8th Cir. 2008)(holding there was no indication that the ALJ would have decided differently had he read the hand-written notation to say "walk" rather than "work," and any error by the ALJ was therefore harmless).

The Court also finds it noteworthy that after Plaintiff's carpal tunnel release surgery, Dr.

Owen Kelly recommended Plaintiff attend physical therapy, and Plaintiff attended only one physical therapy appointment and never rescheduled additional appointments. (Tr. 261, 392). See Brown v. Barnhart, 390 F.3d 535, 540 (8th Cir. 2004)(Plaintiff's failure to follow a prescribed course of remedial treatment without good reason is grounds for denying an application for benefits). In addition, after Dr. Brad A. Thomas performed a C5-6 level anterior cervical discectomy and fusion, he recommended Plaintiff undergo physical therapy, and Plaintiff reported to Dr. Thomas that she went to one physical therapy appointment, but stopped going because the physical therapy hurt her. (Tr. 552).

With respect to Plaintiff's mental impairments, both Plaintiff and her mother testified that since the doctors had switched Plaintiff's medication, she was better, although she still had headaches. In addition, Dr. Shry found that Plaintiff may be mild to moderately impaired in her ability to communicate and interact in a socially adequate manner, did not appear to have much difficulty comprehending and carrying out simple or complex tasks, did not appear to be limited in her ability to cope with the typical demands of basic work like tasks, and did not seem to be impaired in her ability to attend and sustain concentration on tasks. (Tr. 490). Dr. Shry also found that Plaintiff may demonstrate mild to moderate impairment in her ability to sustain persistence when completing tasks, and did seem to be impaired in her ability to complete work like tasks within an acceptable time frame. (Tr. 490). However, in Dr. Henderson's Mental RFC Assessment dated January 11, 2010, Dr. Henderson concluded that Plaintiff was able to perform work where interpersonal contact was incidental to work performed, e.g. assembly work; complexity of tasks was learned and performed by rote, few variables, little judgment, and supervision required was simple, direct and concrete (unskilled). Dr. Henderson further found

that Plaintiff's functional limitations appeared mild to moderate, that Plaintiff was able to drive, shop and manage her own finances, and that overall, the medical records supported unskilled capacity. (Tr. 497-498). These limitations are accounted for in the ALJ's RFC.

Finally, as noted by Defendant, Plaintiff does not allege how additional consultative examinations would add to the medical records already in evidence. The Plaintiff has the burden to prove disability and has responsibility for presenting the strongest case possible. See Thomas v. Sullivan, 928 F.2d 255, 260 (8th Cir. 1991).

The Court finds that Plaintiff has not met her burden, and that there is substantial evidence to support the fact that the ALJ fully and fairly developed the record.

  **B.**  **RFC Determination:**

Plaintiff argues that the ALJ erred in rejecting the opinion of Dr. Pennington, whose assessment was consistent with the medical records, consistently low GAF Scores and two suicide attempts. Had the ALJ given Dr. Pennington's assessment significant weight, as he stated he did, Plaintiff argues he would have found her disabled.

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).

Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

On September 13, 2010, Dr. Pennington indicated that Plaintiff would have no useful ability to function on a sustained basis in the following categories:

> 1. Maintain attention and concentration for extended periods;
> 2. Complete a normal workday and workweek without interruptions from psychologically based symptoms; and
> 3. Behave in an emotionally stable manner.

(Tr. 631).

In his decision, the ALJ stated that he gave Dr. Pennington's opinion "significant weight." He also found that Dr. Pennington's assessment that Plaintiff would have difficulty maintaining attention and concentration for extended periods was not inconsistent with a limitation to unskilled work, which was included in the ALJ's RFC assessment. (Tr. 21). The ALJ also found that Dr. Pennington's opinion that Plaintiff could not behave in an emotionally stable way or complete a normal workday or workweek due to psychologically based symptoms was not supported by the evidence of record as a whole. (Tr. 221). The ALJ noted that although Plaintiff's mood disorder caused her some difficulty in functioning, he also noted that she held jobs in the past for significant periods of time, had been able to take care of two young children on her own, had a relatively active lifestyle, and had been able to take care of routine activities of daily living. (Tr. 21).

Although Dr. Shry believed Plaintiff seemed to be impaired in her ability to complete work like tasks within acceptable timeframes, he also found that Plaintiff did not appear to be

AO72A
(Rev. 8/82)

limited in her ability to cope with the typical demands of basic work like tasks or in her ability to attend and sustain concentration on tasks. (Tr. 490). He found her to be mild to moderately impaired in her ability to communicate and interact in a socially adequate manner. (Tr. 490).

In his Mental RFC Assessment and Psychiatric Review Technique report, non-examining consultant Dr. Henderson found Plaintiff would be capable of unskilled work, and that she had a mild degree of limitation in restriction of activities of daily living and moderate degree of limitation in difficulties in maintaining social functioning and in maintaining concentration, persistence, or pace. (Tr. 498, 509).

A treating physician's opinion "does not automatically control, since the record must be evaluated as a whole." Renstrom v. Astrue, 680 F.3d 1057, 1064 (8th Cir. 2012)(quoting Perkins v. Astrue, 648 F.3d 892, 897 (8th Cir. 2011)). "An ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." Renstrom, at 1064 (quoting Perkins, 648 F.3d at 897-98).

The ALJ considered all of the relevant evidence, including the assessments of Plaintiff's treating physicians, consultative physicians, and Plaintiff's own description of her physical and mental limitations, and the Court believes there is substantial evidence to support the ALJ's RFC determination, and to justify the weight given to the various physicians' opinions by the ALJ.

The Court notes that one of the limitations in the RFC is that Plaintiff should avoid unprotected heights and moving machinery. The Court fails to see how this limitation would allow Plaintiff to perform the job of escort vehicle driver. Once again, since the surveillance

systems monitor position does not involve exposure to unprotected heights and moving machinery, any error made by the ALJ in this regard is harmless.

## V.     Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 22nd day of October, 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
 UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)